UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE TIMKEN COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>REVHD LLC,<br><br>　　　　　　Defendant. | Case No. |

## COMPLAINT

Plaintiff The Timken Company ("Timken") states the following for its complaint against Defendant RevHD LLC ("RevHD"):

### NATURE OF THE ACTION

1.　This is an action for trade dress infringement, false designation of origin, and unfair competition under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and common law trade dress infringement and unfair competition.

2.　Among other relief, Timken asks this Court to enjoin RevHD from producing, marketing, distributing, and selling packaging and products that violate Timken's trade dress rights; award Timken monetary damages and to treble that award; require RevHD to disgorge all profits from the sale of infringing packaging and products; and award Timken punitive damages, attorneys' fees, and costs.

### PARTIES

3.　Timken is an Ohio corporation with its principal place of business at 4500 Mount Pleasant Street NW, North Canton, Ohio 44720.

4.　RevHD is a Tennessee limited liability company with its principal place of business at 707 Spence Lane, Nashville, Tennessee 37217.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Timken's related common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

6. Upon information and belief, this Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action is between a citizen of the State of Ohio and a citizen of the State of Tennessee, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over RevHD because, upon information and belief, (a) RevHD marketed, distributed, offered for sale, and/or sold infringing goods to persons within the State of Ohio and more specifically within this District; (b) RevHD regularly transacts and conducts business within the State of Ohio and more specifically within this District; and/or (c) RevHD has otherwise made or established contacts with the State of Ohio and more specifically within this District sufficient to permit the exercise of personal jurisdiction.

8. The Northern District of Ohio is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Timken's claims occurred in this District and RevHD engaged in infringing activities and caused harm in this judicial district. For example, RevHD advertises and sells infringing goods at FleetPride stores in Northwood, Youngstown, and Valley View, Ohio, among other retail outlets in this District.

**FACTUAL ALLEGATIONS**

*Timken and Its Trade Dress*

9. Timken, founded in 1899, is a global technology leader in engineered bearings and industrial motion.

10. Timken posted $4.6 billion in sales in 2024, employs approximately 19,000 people globally, and operates in 45 countries.

11. Timken's product portfolio includes TIMKEN brand bearings and industrial motion products.

12. Timken packages its TIMKEN brand products in distinctive boxes with one orange side and five black sides (the "Trade Dress").

13. The Trade Dress is unlike packaging of other industry manufacturers and serves to identify Timken as the source of its products.

14. Since at least as early as 1956, Timken has advertised, sold, and distributed bearings in boxes featuring the Trade Dress, as shown in the photographs below.





3

15. Timken owns U.S. federal Registration No. 2710412 for its Trade Dress for "tapered roller bearings" in Class 7. The registration granted April 29, 2003, and identifies dates of first use and first use in commerce of at least as early as January 1, 1956.

16. Registration No. 2710412 is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and is conclusive evidence of the validity of the registered trade dress and the registration, Timken's ownership of the registered trade dress, and Timken's exclusive right to use the registered trade dress in commerce under Section 33 of the Lanham Act, 15 U.S.C. § 1115.

17. Since at least as early as 2019, Timken has advertised, sold, and distributed bearing spacers in boxes featuring the Trade Dress:

  

18. Since at least as early as 2015, Timken has advertised, sold, and distributed wheel seals in boxes featuring the Trade Dress:

  

19. Since at least as early as 2015, Timken has advertised, sold, and distributed hub caps in boxes featuring the Trade Dress:

4








20. Since at least as early as 2015, Timken has advertised, sold, and distributed spindle nuts in boxes featuring the Trade Dress:





21. The Trade Dress is non-functional because it is not essential to packaging or product use and does not affect packaging or product cost or quality, there is no utilitarian advantage to using the Trade Dress, and Timken does not seek to monopolize any particularly simple or inexpensive manufacturing method through its Trade Dress. There are an infinite number of alternative, equally efficient, and competitive packaging designs.

22. Timken's distinctive Trade Dress acquired secondary meaning and is recognized by a significant number of consumers and potential consumers of bearings and industrial motion products as

5

coming from a single source. The Trade Dress attained this status via extreme product popularity, high sales, and extensive marketing by Timken.

23. Timken has used its Trade Dress extensively throughout the United States and the world and made substantial sales of products in packaging featuring the Trade Dress. As a result of this use and promotion, the Trade Dress developed and represents valuable goodwill inuring to the benefit of Timken.

24. The Trade Dress was distinctive long before all of RevHD's actions described in this complaint.

### *RevHD's Infringement*

25. Upon information and belief, RevHD was founded in 2014, long after Timken adopted its Trade Dress.

26. RevHD is packaging products in boxes with five primarily black sides and one orange side (the "Infringing Design").

27. RevHD advertises, sells, and/or distributes bearings packaged in the Infringing Design. For example:



https://www.revhd.com/part/rb-445

28. RevHD advertises, sells, and/or distributes bearing spacers packaged in the Infringing Design. For example:

6



https://www.revhd.com/part/rsp-d02

29. RevHD advertises, sells, and/or distributes wheel seals packaged in the Infringing Design. For example:









30. RevHD advertises, sells, and/or distributes hub caps packaged in the Infringing Design. For example:

7

  

  

31. RevHD advertises, sells, and/or distributes spindle nuts packaged in the Infringing Design. For example:

  

  

32. RevHD's Infringing Design copies Timken's Trade Dress or is a confusingly similar imitation thereof.

33. Upon information and belief, RevHD willfully produced, marketed, distributed, and sold the Infringing Design despite knowledge of Timken's Trade Dress rights.

8

34. RevHD's production, marketing, distribution, and sale of the Infringing Design violates Timken's Trade Dress rights because the Infringing Design is likely to cause confusion, mistake, or deception as to its source or the affiliation, connection, or association of the Infringing Design with Timken.

35. Confusion is likely because RevHD products directly compete with Timken products, are sold at similar price points within the same sales channels to the same target end users, and are often placed next to Timken products on point-of-purchase displays.

36. The photographs in this paragraph show RevHD products featuring the Infringing Design on store shelves next to Timken products featuring the Trade Dress.





37. RevHD displays Timken part numbers on its packaging and in its advertising without indicating that this is done for the purpose of identifying interchangeable parts. RevHD part numbers also mimic Timken part numbers. This further exacerbates the likelihood of consumer confusion as to source, affiliation, connection, or association.

10



https://www.revhd.com/bearings

38. RevHD's Infringing Design caused instances actual confusion as to the source of RevHD's products and their affiliation, connection, or association with Timken.

39. RevHD's conduct results in lost sales to Timken, diminution in brand value, and other damage to Timken.

## COUNT ONE
### Federal Infringement – 15 U.S.C. § 1114

40. The preceding paragraphs are incorporated herein by reference.

41. RevHD's unauthorized use of Timken's registered Trade Dress is likely to cause confusion, mistake, or deception as to the source or origin of RevHD's goods, or suggest an affiliation, connection, or association of RevHD's goods with Timken, or the approval of RevHD's goods by

11

Timken, and thus constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

42. Timken was irreparably harmed by RevHD's actions and the damage and irreparable harm will continue unless RevHD's conduct is enjoined by this Court.

43. Timken has no adequate remedy at law.

## COUNT TWO
### Federal Infringement, False Designation of Origin, Unfair Competition – 15 U.S.C. § 1125

44. The preceding paragraphs are incorporated herein by reference.

45. RevHD's unauthorized use of Timken's Trade Dress is likely to cause confusion, mistake, or deception as to the source or origin of RevHD's goods, or suggest an affiliation, connection, or association of RevHD's goods with Timken, or the approval of RevHD's goods by Timken, and thus constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Timken was irreparably harmed by RevHD's actions and the damage and irreparable harm will continue unless RevHD's conduct is enjoined by this Court.

47. Timken has no adequate remedy at law.

## COUNT THREE
### Common Law Infringement and Unfair Competition

48. The preceding paragraphs are incorporated herein by reference.

49. RevHD's unauthorized use of Timken's Trade Dress is likely to cause confusion, mistake, or deception as to the source or origin of RevHD's goods, or suggest an affiliation, connection, or association of RevHD's goods with Timken, or the approval of RevHD's goods by Timken, and thus constitutes common law trademark infringement and unfair competition.

50. Timken was irreparably harmed by RevHD's actions and the damage and irreparable harm will continue unless RevHD's conduct is enjoined by this Court.

51. Timken has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Timken respectfully requests the following relief:

A. RevHD and its agents, officers, employees, representatives, successors, and assigns, and all other persons acting for, with, by, through, or under authority from RevHD, or in concert or participation with RevHD, and each of them, be enjoined from:

   1) using the Trade Dress or any copy, reproduction, colorable imitation, or simulation thereof on or in connection with RevHD's packaging and products;

   2) using any trademark, trade dress, name, logo, design, or source designation of any kind on or in connection with RevHD's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or that is confusingly similar to, Timken's trademarks, trade dresses, names, or logos;

   3) using any trademark, trade dress, name, logo, design, or source designation of any kind on or in connection with RevHD's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Timken, or are sponsored or authorized by Timken, or are in any way connected or related to Timken;

   4) passing off or palming off RevHD's goods as those of Timken, or otherwise continuing any and all acts alleged in this complaint; and

   5) producing, distributing, advertising, promoting, offering for sale, or selling the Infringing Design or other similar packaging and goods;

B. RevHD be ordered to cease producing, distributing, marketing, promoting, offering for sale, and selling, and to remove from all retail channels and to recall, all products sold under or bearing a confusingly similar imitation of Timken's trademarks and trade dresses, which are in RevHD's possession or have been shipped by RevHD or under its authority to any customer, including but not limited to any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of any orders by this Court as it relates to injunctive relief against RevHD;

C. RevHD be ordered to deliver up for impoundment and for destruction all goods, boxes, labels, signs, packages, receptacles, advertising, promotional material, or other material in the possession, in the custody, or under the control of RevHD that are found to adopt or infringe any of Timken's trademarks, trade dresses, names, or logos or that otherwise unfairly compete with Timken and its products;

D. RevHD be compelled to account to Timken for any and all profits derived by RevHD from the sale or distribution of infringing packaging and goods as described in this complaint;

E. A finding that RevHD's conduct was willful;

F. An award to Timken of all damages and costs incurred by Timken because of RevHD's infringing activities and other conduct complained of herein, together with all of RevHD's infringing profits;

G. An award to Timken of treble damages;

H. A declaration that this an exceptional case and an award to Timken of its reasonable attorneys' fees;

I. An award to Timken of pre-judgment and post-judgment interest on the damages caused by RevHD's infringing activities and other conduct complained of herein;

J. Based on RevHD's willful and deliberate infringement of Timken's trade dress, and to deter such conduct in the future, an award to Timken of punitive damages; and

K. An award to Timken such and other relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Timken respectfully demands a trial by jury on all claims and issues so triable.

Date: June 6, 2025

Respectfully submitted,

Stephen E. Matasich (#0066060)
**BRENNAN, MANNA & DIAMOND, LLC**
4518 Fulton Rd. NW, Suite 202
Canton, OH 44718
PH: 330-253-9146
sematasich@bmdllc.com

Shane A. Brunner (Motion for Admission Pro Hac Vice to be filed)
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street, Suite 700
Madison, WI 53703
PH: 608-257-3501
sabrunner@michaelbest.com

Counsel for The Timken Company