**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Timken Company, | ) | CASE NO.: 5:25CV1202 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RevHD LLC, | ) | (Resolves Doc. 9) |
| | ) | |
| Defendant. | ) | |

This matter appears before the Court on Defendant RevHD LLC's motion to dismiss. Plaintiff Timken Company has opposed the motion, and RevHD has replied. For the reasons that follow, the motion is DENIED.

The Supreme Court and the Sixth Circuit have stated the standard for reviewing a motion to dismiss in several cases. The Supreme Court has stated "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Sixth Circuit has clarified that a court may not grant a Rule (12)(b)(6) motion to dismiss merely because it may not believe the plaintiff's factual allegations. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993). However, the plaintiff must still plead more than bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The Supreme Court further clarified the standard by explaining that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Additionally, the Court said, "even though a complaint need not contain 'detailed' factual allegations, its factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

RevHD claims Timken's claims, at least in part, are barred by the doctrine of laches and the statute of limitations. However, RevHD's arguments on these theories both suffer from the same flaw. Specifically, RevHD is incorrect in its contention that the complaint suggests that Timken has had knowledge of the alleged infringement since 2014. The year 2014 is mentioned *once* in the complaint when Timken alleged: "Upon information and belief, RevHD was founded in 2014, long after Timken adopted its Trade Dress." Doc. 1 at 6. Contrary to RevHD's contentions, that allegation does not support an inference that Timken has had knowledge of the alleged infringement since 2014. In fact, there is nothing alleged in the complaint that would suggest the date Timken became aware of RevHD's products and their packaging.[1] Accordingly, RevHD's arguments regarding laches and the statute of limitations are not supported at this stage of the litigation.

RevHD's final argument is that Timken failed to properly allege that its trade dress was nonfunctional and that its trade dress had acquired secondary meaning. The Court finds no merit in either argument.

With respect to Timken's trade dress being nonfunctional, Timken alleged as follows in the complaint:

---

[1] To be clear, there is no burden on Timken to allege such a date, and the cases relied upon by RevHD all include complaints in which dates specific to the accrual of the cause of action could be gleaned from the complaint. As that is not the case in Timken's complaint, those cases are not persuasive to the Court.

> The Trade Dress is non-functional because it is not essential to packaging or product use and does not affect packaging or product cost or quality, there is no utilitarian advantage to using the Trade Dress, and Timken does not seek to monopolize any particularly simple or inexpensive manufacturing method through its Trade Dress. There are an infinite number of alternative, equally efficient, and competitive packaging designs.

Doc. 1 at 5. RevHD contends that these allegations lack a factual basis and merely mimic the elements that Timken must prove to ultimately demonstrate non-functionality. However, "the plain appearance of the product from the photos in the [] Complaint shows the trade dress is at least arguably non-functional." *Good L Corp. v. Fasteners for Retail, Inc.*, No. 3:18-cv-00489, 2019 WL 1429252, at *3 (M.D. Tenn. Mar. 28, 2019) (citing *Gen. Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 417 (6th Cir. 2006). Accordingly, Timken's allegations coupled with the photos included in the complaint of the trade dress state a plausible allegation that the trade dress is non-functional.

Finally, RevHD contends that Timken failed to allege that its trade dress has obtained secondary meaning. In that regard, the complaint alleges:

> 22. Timken's distinctive Trade Dress acquired secondary meaning and is recognized by a significant number of consumers and potential consumers of bearings and industrial motion products as coming from a single source. The Trade Dress attained this status via extreme product popularity, high sales, and extensive marketing by Timken.
>
> 23. Timken has used its Trade Dress extensively throughout the United States and the world and made substantial sales of products in packaging featuring the Trade Dress. As a result of this use and promotion, the Trade Dress developed and represents valuable goodwill inuring to the benefit of Timken.

Doc. 1 at 5-6. Courts in the Sixth Circuit apply a seven-factor test to determine whether trade dress has obtained secondary meaning, considering:

> (1) direct consumer testimony, (2) consumer surveys, (3) exclusivity, length, and manner of use, (4) amount and manner of advertising, (5)

> amount of sales and number of customers, (6) established place in the market, and (7) proof of intentional copying.

*Gen. Motors Corp*., 468 F.3d at 418. While RevHD suggests that consumer surveys are *required* under Sixth Circuit precedent, the Court cannot agree. In support, RevHD relies upon the following statements from the Circuit: "Though direct evidence is rare and Bliss need not establish every factor, Bliss must still sufficiently allege that the attitude of the consuming public toward the mark denotes a single thing coming from a single source. In that sense, alleging little or no evidence regarding consumer testimony, surveys, or sales and number of customers appears to be detrimental, if not fatal." *Bliss Collection, LLC v. Latham Companies, LLC*, 82 F.4th 499, 507 (6th Cir. 2023). However, *Bliss* stands for the not-controversial rule that a party pleading trade dress infringement must allege at least *something* that would support any of the factors that ultimately may be relied upon to prove such infringement. Timken has done so in its complaint by alleging nationwide and even worldwide sales, significant numbers of buyers, and extensive marketing efforts. Contrary to RevHD's contentions, Timken need not place a dollar number of a specific number of purchasers in its complaint to satisfy notice pleading.

Based upon the above, the motion to dismiss is DENIED, and this matter will promptly be scheduled for a case management conference by separate order of the Court.

IT IS SO ORDERED.

September 1, 2026

*/s/ Judge John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT